IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Annamarie Deneen, Michael J. Deneen, Erin Munoz, Paul Munoz, and Nazret Z. Gebremeskel, individually and on behalf of all other persons similarly situated,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **No. 19 C 5499** |
| v. | ) ) ) | **Judge Ronald A. Guzmán** |
| **Wyndham Vacation Resorts, Inc.,** | ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons explained below, the Court grants Wyndham's motion to dismiss for lack of personal jurisdiction [23]. The motion to dismiss for failure to state a claim [25] is denied as moot. All other pending motions are denied as moot. Civil case terminated.

**I.     Facts**

Plaintiffs allege that Wyndham fails to disclose material facts to buyers of its timeshares, including that Wyndham does not make desired properties available to timeshare purchasers. Plaintiffs allege that Wyndham breached its agreement ("Agreement") with Plaintiffs by failing to provide accommodations and services as set forth in the Agreement; breached the implied covenant of good faith and fair dealing; required Plaintiffs to sign the Agreement, which is void *ab initio* because it is vague and ambiguous as to the property right being sold; violated the District of Columbia Consumer Protection Procedures Act; violated the Illinois Consumer Fraud Act; made negligent misrepresentations to Plaintiffs; and fraudulently induced Plaintiffs to sign Agreements for timeshares.

Wyndham now moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that it lacks personal jurisdiction over Wyndham with respect to the claims alleged, the Court does not address the motion to dismiss for failure to state a claim.

## II. Analysis

The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). When a court relies solely on written materials to rule on a motion under Rule 12(b)(2), the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). "[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Id.*

"District courts exercising diversity jurisdiction apply the personal jurisdiction rules of the state in which they are located." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing, *inter alia*, 735 ILCS 2-209(c)).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *Id.* "General jurisdiction looks to the defendant's 'continuous and systematic' contacts with a state, whether or not the action is related to the contacts." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, and those contacts must be "directly related to the conduct pertaining to the claims asserted." *Id.* Here, Plaintiffs contend that the Court possesses both general and specific personal jurisdiction.

    A.    <u>General Jurisdiction</u>

"General jurisdiction is 'all-purpose'; it exists only 'when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State.'" *Kipp*, 783 F.3d at 697-98 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)) (brackets and internal citation omitted). A corporation is "at home" in the state of its principal place of business and the state of its incorporation. *Id.* at 698. Thus, Wyndham is "at home" in Delaware, its place of incorporation, and Florida, its principal place of business. For a corporation to be deemed at home in any additional locations, Plaintiffs must show "more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Id.* (citation omitted). They do not.

As an initial matter, Plaintiffs do not apply the specific facts of *this* case to the law. Even crafting the argument for Plaintiffs, the Court still finds general jurisdiction is lacking. Based on Plaintiffs' recitation of the facts, it appears Plaintiffs rely on the following in support of general jurisdiction: Wyndham's operation of a "highly interactive" website through which Illinois

3

residents can manage their timeshares; Wyndham's offering of Galena, Illinois as a vacation destination; the existence of a Wyndham sales booth at Six Flags Great America in Gurnee, Illinois; the solicitation of customers for timeshares at a sales presentation at the Wyndham Grand Riverfront Hotel in Chicago, Illinois; and Wyndham's registering to do business in Illinois. These contacts are insufficient to confer general jurisdiction over the instant matter. *See Bluhm v. Wyndham Destinations Inc.*, No. C18-5813 BHS, 2019 WL 6213141, at *3 (W.D. Wash. Nov. 21, 2019) (rejecting finding of general jurisdiction where plaintiff alleged that the "[d]efendants have a significant presence in Washington State, including a large corporate office in Redmond, Washington, 102 hotels and resorts state-wide, and registration of their various affiliated entities with the Washington Secretary of State to do business in the state"); *Bobick v. Wyndham Worldwide Operating, Inc.*, No. 3:18-CV-00514, 2018 WL 4566804, at *5 (M.D. Tenn. Sept. 24, 2018) (noting that general jurisdiction over the defendants was lacking even though they had "contacts in Tennessee via the resorts they own, the Tennesseans they employ, the offices they maintain, and the marketing efforts undertaken in the state").

    B.    <u>Specific Jurisdiction</u>

The Court next considers specific jurisdiction. "Adjudicatory authority is 'specific' when the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011) (citation omitted). To establish specific personal jurisdiction, it is the defendant's "suit-related" conduct that must create the substantial connection with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014), as corrected (May 12, 2014). "Specific personal jurisdiction grows out of 'the relationship among the defendant, the forum, and the litigation.'" *Monco v. Zoltek Corp.*, 342 F. Supp. 3d 829, 832 (N.D. Ill. 2018) (citation

omitted). "The 'three essential requirements' for specific personal jurisdiction are: '(1) the defendant must have purposefully availed [it]self of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.'" *Id.* (citation omitted).

"[I]n determining whether it may exercise specific personal jurisdiction over a defendant, the Court must consider the scope of personal jurisdiction with respect to each of the claims alleged in the plaintiff's complaint." *Sunny Handicraft (H.K.) Ltd. v. Edwards*, No. 16 C 4025, 2017 WL 1049842, at *4 (N.D. Ill. Mar. 20, 2017) ("'Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause.'") (citation omitted). While Wyndham's brief is more detailed, neither party discusses the claims separately nor addresses the relevant standards. As much as possible, the Court has attempted to use the facts and law discussed by the parties as a starting point in ruling on the issues, but the Court cannot craft the parties' arguments for them. *See Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008) ("It is not the court's responsibility to research the law and construct the parties' arguments for them.").

    1.  *Nazret Gebremeskel*

Gebremeskel, a current resident of Washington, D.C., was a resident of Maryland at the time of her timeshare purchase, which she made while on vacation in Las Vegas, Nevada. She alleges no contacts by Wyndham in Illinois with respect to *her* claims; indeed, Plaintiffs' response brief is silent as to the Court's personal jurisdiction over Wyndham as to Gebremeskel's claims. Therefore, the motion to dismiss all of her claims for lack of personal

jurisdiction, including for violation of the District of Columbia Consumer Protection Procedures Act, is granted.

> 2. *Erin and Paul Munoz and AnnaMarie and Michael Deneen*[1]
>
> a. Breach of Contract (Count One); Breach of Implied Covenant of Good Faith and Fair Dealing (Count Two); Claim for Declaratory Relief (Count Three)[2]

Plaintiffs allege breach of contract, breach of the implied covenant of good faith and fair dealing, and a claim for declaratory relief for rescission of the Purchase and Sale Agreement. "In breach-of-contract cases, courts must conduct 'a context-sensitive analysis of the contract, examining prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other.'" *Topcon Agric. Americas, LLC v. Cote Ag Techs., LLC*, 391 F. Supp. 3d 882, 886 (W.D. Wis. 2019).

As to the Munozes' breach of contract claims, it appears the parties are in agreement that all of the contracts at issue were negotiated and entered into in Florida. Regarding the contemplated future consequences and the terms of the contract, it is difficult to assess what these are because it is not clear which contract the Munozes claim was breached. Even assuming the relevant contract is the Security Agreement, it contains numerous provisions, and the Court is not obligated to select those that might be relevant to the personal jurisdiction analysis or make the Munozes' arguments for them. Thus, the Munozes have failed to demonstrate that the first three factors (prior negotiations, contemplated future consequences, and the terms of the

---

[1] Because the Court has ruled on Gebremeskel's claims, the Court's use of the term "Plaintiffs" from here to the end of its analysis refers to both the Munozes and the Deneens. When applicable, the Court will specify if it is referring to only one of the couples.

[2] The Court refers to these counts as the breach of contract claims.

contract) support a finding of minimum contacts by Wyndham with Illinois with respect to their breach of contract claims.

The Munozes' primary piece of evidence in establishing personal jurisdiction is Wyndham's interactive website, www.myclubwyndham.com, which appears to relate to the last factor in the context-sensitive contract analysis – the parties' course of actual dealing. Plaintiffs contend that "[o]wners can book destinations, manage their account, . . . make payments to Wyndham" and view the "monthly amounts due for program fees, maintenance fees, reserve fund payments, and property taxes." (Pls.' Consolidated Mem. Law Opp'n Def.'s Mot. Dismiss, Dkt. # 34, at 9.) According to Plaintiffs, "Wyndham failed to make destinations reasonably available on the website in breach of its contracts with Plaintiffs." (*Id.*)

But the Seventh Circuit has cautioned that "[i]nteractivity of a website is . . . a poor proxy for adequate in-state contacts" because "the operation of an interactive website does not show that the *defendant* has formed a contact with the forum state." *Advanced Tactical,* 751 F.3d at 803 (emphasis in original). Here, the fact that the Munozes reside in Illinois and managed their Wyndham account there is happenstance. In addressing the contacts that an email transmission creates, the *Advanced Tactical* court noted that "email does not exist in any location at all; it bounces from one server to another, it starts wherever the account-holder is sitting when she clicks the 'send' button, and it winds up wherever the recipient happens to be at that instant." *Id*. "The connection between the place where an email is opened and a lawsuit is entirely fortuitous." (*Id*.) The same is true here. The Munozes can access their account from anywhere. Wyndham did not create the contact; the Munozes did.[3]

---

[3] Even if the Munozes had argued (they did not) that personal jurisdiction was proper because Wyndham knew the Munozes resided in Illinois and would be harmed there, the Court

This point is well illustrated in this case by the circumstances of the Deneen plaintiffs, who purchased a membership in a timeshare association headquartered in Florida while on vacation in Branson, Missouri from their then-residence of Oklahoma. Presumably, the Deneens managed their Wyndham account in Oklahoma while they lived there, and now manage their account in Illinois, where they currently reside; but the location of the Deneens' access is not based on any deliberate or intentional conduct by Wyndham. *Id*. at 803 ("Having an 'interactive website' . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."*).* If Plaintiffs move away from Illinois, so does the connection between Wyndham, the forum, and the lawsuit; in such a case, minimum contacts do not exist. *See Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 861 (N.D. Ill. 2016) ("[T]he relation between the defendant and the forum must arise out of contacts that the defendant himself creates with the forum.'") (citation omitted and alteration in *Greene*).

Plaintiffs' reliance on Wyndham's other Illinois contacts does not alter the Court's conclusion that personal jurisdiction does not exist as to the Munozes' or Deneens' breach of contract claims. Plaintiffs cite in support of their assertion of specific personal jurisdiction the same factors they reference in support of their claim of general jurisdiction: Wyndham has a sales and marketing office in Chicago; it offers a vacation destination in Galena, Illinois; it leases office space in Northbrook, Illinois; it maintained a sales booth at Six Flags Great America in Gurnee, Illinois; it held a sales presentation at the Wyndham Grand Hotel in Chicago, Illinois; and it is registered to do business in Illinois.

---

would not be persuaded. *See Advanced Tactical,* 751 F.3d at 802 (finding the district court erred in concluding that "personal jurisdiction [was] proper because [the defendant] knew that [the plaintiff] was an Indiana company and could foresee that its misleading emails and sales would harm [the plaintiff] in Indiana.")

The Deneens, who purchased their timeshare ownership in Missouri while on vacation from their then-residence in Oklahoma, make no association between any of the above-mentioned contacts and their injuries. And, as the Court has already concluded, Wyndham's website does not provide the minimum contacts necessary to assert personal jurisdiction over Wyndham with respect to the Deneens' breach of contract claims. Therefore, the Court grants the motion to dismiss the Deneens' breach of contract claims for lack of personal jurisdiction.

The Munozes have more of an affiliation with Wyndham in Illinois than just their residence. When they complained to Wyndham representatives who were staffing the Great America sales booth that their desired properties were never available on the dates they wanted, the Wyndham representatives told the Munozes to attend a meeting of timeshare owners at the Wyndham Grand Chicago Riverfront Hotel. (Munoz Decl., Dkt. # 34-1, ¶¶ 7-8). According to the Munozes, the Chicago meeting "turned out to be just another misleading sales presentation where Wyndham tried to convince us that the solution [to the lack of availability of the properties they wanted on their desired dates] was for us to spend more money and buy more points." (*Id*. ¶ 8.) But, as Wyndham notes, the Munozes do not allege any injury from this second sales presentation in Chicago because they did not purchase any timeshares from Wyndham during that presentation. *See Advanced Tactical,* 751 F.3d at 801 ("The only transactions that would be relevant are those that were related to [the defendant's] allegedly unlawful activity."). Thus, even assuming that the Gurnee interaction and/or the Chicago sales presentation demonstrate that Wyndham purposely availed itself of the privilege of doing business in Illinois or directly targeted Illinois in marketing its timeshares, the Munozes fail to establish that their alleged breach of contract injuries arise from or are related to these contacts.

9

     b.  *Illinois Consumer Fraud Act (Count Five); Negligent Misrepresentation (Count Six); Fraud in the Inducement (Count Seven)*[4]

With respect to their claims under the Illinois Consumer Fraud Act and for negligent misrepresentation and fraudulent inducement, Plaintiffs allege, respectively, that Wyndham:

> - engaged in unfair methods of competition and unfair or deceptive acts or practices including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact;
>
> - made "[n]umerous negligent misrepresentations and omissions . . . at the Wyndham sales presentations . . . "; and
>
> - made "the foregoing" false representations or material omissions with the intent that Plaintiffs rely on them, and they were injured as a result.

(Am. Compl., Dkt. # 17, ¶¶ 113, 120, 126.) But none of the injury-producing presentations where the purported misrepresentations occurred took place in Illinois; the only false representations or omissions that Plaintiffs relied on were those made at the presentations during which Plaintiffs purchased their timeshares, which were in Florida and Missouri. Plaintiffs point to no discernible connection between Wyndham and Illinois with respect to these claims. Because Plaintiffs fail to establish that Wyndham had minimum contacts with Illinois regarding their Illinois Consumer Fraud Act, negligent misrepresentation, and fraudulent inducement claims, the Court grants the motion to dismiss these claims for lack of personal jurisdiction.

---

[4] For reference, the amended complaint misnumbers negligent misrepresentation and fraud in the inducement as Counts Five and Six. They are properly labeled Counts Six and Seven, and the Court refers to them using their correct numbers.

...
...
...

### III. Conclusion

Wyndham's motion to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) [23] is granted. All other pending motions are denied as moot. This action is dismissed without prejudice for lack of personal jurisdiction.

**DATE**: February 12, 2020

                                              **Ronald A. Guzmán**
                                              **United States District Judge**